IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD HAYES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 3:17-cv-15-WKW [wo] |
| STATE FARM INSURANCE, *et al.*, | ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 13, entered 3/10/17). Now pending before the Court is the Plaintiff's Motion for Remand (Docs. 9, 15). The motions are fully submitted and ripe for review. For good cause shown, the Magistrate Judge recommends that the Motion for Remand be **DENIED** as discussed within this opinion.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff Leonard Hayes ("Hayes" or "Plaintiff") filed a complaint in Russell County, Alabama Circuit Court on December 5, 2016. *See* Doc. 1, Exhibit A, Complaint. On January 9, 2017, State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") removed the case to this court based on an assertion of diversity jurisdiction. *See* Doc. 1, generally. Specifically, State Farm discusses in the Notice of Removal that the case is properly removable under 28 U.S.C. §1441 because diversity jurisdiction exists in this case under 28 U.S.C. §1332.

On March 3, 2017, Hayes filed his first motion to remand. *See* Doc. 9. The motion was

well beyond the typical thirty days expected for a request to remand. The perfunctory motion simply states there are no federal claims and it is undisputed that Plaintiff did not seek damages in excess of $75,000.00. *Id*. On March 6, 2017, the Court entered an order stating:

> Upon consideration of Plaintiff's *Motion to Remand* (Doc. 9, filed 3/3/17), Plaintiff indicates "it is undisputed that Plaintiff does not seek damages in excess of $75,000.00." *See* Doc. 9. However, the Plaintiff's motion has no attachments or any indication other than the generic statement that it is undisputed. There is no indication that Plaintiff has stipulated that the amount is less than the jurisdictional threshold for diversity jurisdiction nor that this is a joint motion to remand. Upon review of the Notice of Removal, Defendant asserted there are five (5) different policies which each have a limit of $25,000.00. Plaintiff's complaint seeks "the full amount of all applicable policies of insurance." *See* Doc. 1 at p. 2.

*See* Doc. 11. Consequently, the Court ordered Plaintiff to file either (a) proper documentation which showed the motion to remand is unopposed and the stipulation that the amount in controversy was less than the jurisdictional threshold or (b) a properly supported motion to remand. The deadline for Plaintiff's response was March 20, 2017. *Id*. Plaintiff failed to respond to the court's order.

On March 27, 2017, the Court entered an order directing Plaintiff to show cause for the failure to comply. *See* Doc. 14. In response, Plaintiff filed a second motion to remand and attached as an exhibit an amended complaint which he had attempted to file with the Russell County Circuit Court on March 2. *See* Doc. 15. Plaintiff noted the amended complaint stipulated that the amount in controversy did not exceed $75,000.00. On April 4, 2017, the Court entered an order noting to Plaintiff's counsel that the case had been removed and until such time as the Court had ruled on the motion to remand, all pleadings must be filed with this Court and in accordance with the Federal Rules of Civil Procedure. *See* Doc. 16. The Court further noted that until the amended complaint was properly filed in federal court, it did not exist.

Despite that failure, the Court requested a response from State Farm in light of Plaintiff's clear efforts to cap the damages sought. *Id*.

State Farm filed its response in opposition to the motion to remand. The basis for the opposition was that Plaintiff had not yet filed the amended complaint in federal court thus removal was appropriate based on the original state court complaint. The original complaint did not specify the amount of damages, but did seek policy limits of the five insurance policies at issue. Thus, the amount in controversy exceeded the diversity jurisdictional threshold. *See* Doc. 17.

The Court then provided Plaintiff the opportunity to file a reply and also reminded that until it was docketed, no amended complaint existed before the court. *See* Doc. 19. Plaintiff did not file a reply, but merely docketed the Amended Complaint with an introduction requesting remand. *See* Doc. 20. No further explanation was provided. In comparing the original complaint, the only differences are the introduction on page 1 and the addition of "not to exceed the available $75,000" in paragraph 12. Otherwise, the complaints are identical. *Id*.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, have the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the

federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

### III. DISCUSSION

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." Normally, the notice of removal must "be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212-13 (11th Cir. 2007) (quoting § 1445(b) and stating a defendant must remove within thirty days of receiving the document that provides the basis for removal.). State Farm timely did so with its notice of removal on the basis of diversity jurisdiction with the initial complaint.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. The diversity of citizenship in this case is not in dispute. Plaintiff Hayes is a citizen of Alabama. State Farm is a

corporation incorporated under the laws of Illinois and its principle place of business is Illinois. Further, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(c). Therefore, the complete diversity of citizenship exists.

Next, the Court looks to the amount in controversy. "[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)).

The Eleventh Circuit has held that "[in]n some cases, [the amount in controversy] burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation--provided of course that removal is procedurally proper." *Pretka*, 608 F.3d at 755.

Though Plaintiff facially attempts to obscure and/or bring his damages below the jurisdictional threshold, when considering all the above, it is obvious that the amount Plaintiff puts in controversy exceeded the $75,000.00 jurisdictional requirement at the time of removal. Plaintiff's attempt to cap damages is not the question before the Court. The question is whether jurisdiction was proper at the removal date. Subsequent events which may reduce the damages

recoverable below the amount in controversy requirement do not deprive the court of jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("we note that for purposes of this challenge ... the critical time is the date of removal .... If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."); *Poole v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) ("events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction.").

However, this does not mean that post-removal facts may never be considered when evaluating jurisdiction. "Rather the law is clear that post-removal developments are properly weighed where they shed light on the amount in controversy at the time of removal." *Land Clearing Co., LLC v. Navistar, Inc.*, Civ. Act. No. 11-0645-WS, 2012 U.S. Dist. LEXIS 8603, 2012 WL 206171, *3 (S.D. Ala. Jan. 24, 2012) (Steele, J.) (citing *Pretka*, 608 F.3d at 772-73; *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp.2d 1279, 1282 (S.D. Ala. 2009). Further, Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [the] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotations omitted).

In the case at hand, the original complaint controls the removal process. The original

complaint very clearly seeks "the full amount of all applicable policies of insurance" and specifically identifies the five policy numbers at issue. *See* Doc. 1, Atch 1, Complaint at ¶¶ 8, 12. Further, by law, uninsured/underinsured motorist policies must each carry a minimum of $25,000.00. *See* Ala. Code. § 32-7-6. Five policies at $25,000.00 each establishes the amount in controversy is $125,000.00. Plaintiff's remand attempts and amended complaint are not simply *clarifying* facts, but an attempt to *alter* facts. Moreover, despite multiple opportunities extended by this Court, Plaintiff submits no evidence showing the original amount in controversy was less than $75,000.00 prior to removal. *Sierminksi*, 216 F.3d at 949 (adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction). It is clear that Plaintiff seeks to get this case remanded by dropping damages below the jurisdictional threshold. However, Plaintiff's preferences are not a concern for this court. Rather, the Court views its jurisdiction dispassionately, through the lens of whether or not jurisdiction exists. Defendant has easily established by a preponderance of the evidence that the amount in controversy exceeds the required amount. Therefore, both elements of diversity jurisdiction are established and the Court has jurisdiction over this matter. Accordingly, the case was properly removed to this court from state court, and the Motion to Remand is due to be denied.

In light of this determination, the Court also determines that it is appropriate to strike the amended complaint and reinstate the original complaint upon which this case was removed.

### V. CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Remand (Doc. 9) as supplemented by the Motion to Remand to Russell County State Court (Doc. 15) be **DENIED**. Further, the Amended Complaint (Doc. 20) should be

**STRICKEN** and the original complaint be reinstated as the controlling complaint.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 12, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 26th day of May, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE